IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **FREDERICK LAMONT ROBINSON,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-565-A |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Frederick Lamont Robinson, TDCJ-ID # 567026, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in New Boston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

Robinson is serving a life sentence on his 1990 murder conviction in the Criminal District

Court Number One of Tarrant County, Texas, No. 0349536A. *Ex parte Robinson*, State Habeas Application No. 27,472-04 at 39. Robinson has been denied release to parole on four occasions, most recently on November 27, 2006. (Resp't Answer, Exhibit A) The Texas Board of Pardons and Paroles (the Board) relied on the following factors for its denial:

> 2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; the record indicates use of a weapon.

Robinson's next parole review date is set for November 2009. Robinson filed a state habeas application challenging the Board's denial of parole on July 9, 2007, which was denied without written order by the Texas Court of Criminal Appeals on September 12, 2008. *Ex parte Robinson*, State Habeas Application No. 27,472-02, at cover. Robinson filed a previous federal petition on January 6, 2008, raising one or more of the claims presented herein, which was voluntarily dismissed by the Court on Robinson's motion on April 24, 2008. *Robinson v. Quarterman*, Civil Action No. 4:08-CV-008-Y. This second federal petition for habeas relief was filed on September 15, 2008. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

### D. ISSUES

Robinson raises three grounds challenging the Board's denial of parole. (Petition at 7)

### E. RULE 5 STATEMENT

Quarterman contends that Robinson has failed to sufficiently exhaust his state remedies as to the claims presented and/or that Robinson's petition is time-barred under 28 U.S.C. § 2244(d)(1)(D). (Resp't Answer at 4-14)

F.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ©  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run on the date on which Robinson could have discovered, through the exercise of due diligence, the factual predicate of his claims.  The factual predicate of Robinson's claims involving the Board's denial of parole was discoverable on November 27, 2006, the date parole was denied.  Accordingly, the one-year statute of limitations began to run on that date and expired one year later on November 27,

3

2007, absent any tolling.

Robinson's state habeas application tolled the limitations period for 65 days under § 2254(d)(2), making his petition due on or before January 31, 2008. Robinson's prior federal petition did not however further toll the limitations period under the statutory provision. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001). Nor has Robinson alleged or demonstrated sufficiently rare and exceptional circumstances that would justify application of the doctrine of equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Robinson's petition, filed on September 15, 2008, is untimely as to the Board's November 27, 2006, denial of parole.

## II. RECOMMENDATION

Robinson's petition should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 3, 2009. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district

4

court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 24, 2009, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 3, 2009.

                                           /s/   Charles Bleil
                                         CHARLES BLEIL
                                         UNITED STATES MAGISTRATE JUDGE