IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| FREDERICK LAMONT ROBINSON, | § § | |
| Applicant, | § § | |
| VS. | § | NO. 4:08-CV-565-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § § § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Frederick Lamont Robinson ("Robinson") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On April 3, 2009, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that the parties file objections, if any

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

thereto, by April 24, 2009. Robinson timely filed his objections, and respondent made no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

In his application, Robinson challenges the denial by the Texas Board of Pardons and Paroles ("Board") of his release on parole on November 27, 2006. As Robinson failed to file his application for habeas relief until September 15, 2008, well beyond the applicable one-year limitations period, the magistrate judge recommended that Robinson's application be dismissed as time-barred.

Robinson's sole objection to the FC&R is that because the Board's "ongoing and unbroken case log" is under "constant annual review," App.'s Obj. at 2, no Board decision is ever truly a "final judgment" and is never susceptible to a limitations

2

period; hence his application cannot be time-barred. Robinson's objection is without merit.

In conjunction with filing his objections, Robinson filed a document entitled "Motion for Continuance to Stay and Abayance Procedure to Pursue Unexhausted Claims to the State Court." As the FC&R recommended Robinson's application be dismissed solely on the basis that it is time-barred, any attempt at exhaustion would be futile. Accordingly, the court concludes that this motion should be denied.

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that the application of Robinson for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

The court further ORDERS that Robinson's motion for continuance to stay and abayance procedure be, and is hereby, denied.

SIGNED April 29, 2009.

_____
JOHN McBRYDE
United States District Judge

3